THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WESLEY W. STREET, Defendant-Appellant.

(No. 72-356;

Fifth District—June 11, 1973.

Meyer & Meyer, of Greenville, for appellant.

John C. Reznick, State's Attorney, of Vandalia, for the People.

PER CURIAM:

Appellant was convicted upon his plea of guilty to possession of more than 30 but less than 500 grams of marijuana in Fayette County. Probation was denied and appellant was sentenced to a term of from one year to eighteen months in the penitentiary. Appeal here is based solely on the trial court's alleged abuse of discretion in denying appellant's motion for probation and imposing sentence.

While appellant does not so assert, it appears from the record that the trial judge failed to substantially comply with Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402). The trial judge failed to advise appellant of his right to plead not guilty or persist in that plea (402(a) (3)), and that his plea of guilty waives his right to trial, with or without jury, and his right to confront witnesses against him (402(a)(4)). The judge further failed to determine whether any threats or promises had been made to induce the appellant to plead guilty (402(b)), and failed to determine on the record that a factual basis existed for the plea (402(c)).

For the foregoing reasons, the judgment of the circuit court of Fayette County must be reversed and remanded for new pleading.

Reversed and remanded.